UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   *Plaintiff,*

                           HON. JOHNATHAN J.C. GREY
                           CASE NO. 2:25-cr-20015

v.

COREY MAPP,

   *Defendant.*

## DEFENDANT'S SENTENCING MEMORANDUM

### I.    INTRODUCTION

On August 5, 2025, Corey Mapp, Defendant, pled guilty to *Felon in Possession of a Firearm*, 18 U.S.C. § 922(g)(1), pursuant to a Rule 11 Plea Agreement.

Mr. Mapp recognizes the seriousness of the offense and the consequences resulting from his actions. However, he humbly seeks this Honorable Court's understanding and compassion and respectfully requests that this Honorable Court, in determining an appropriate sentence, considers the totality of the facts and circumstances detailed below.

### II.    PROCEDURAL POSTURE

1

On December 18, 2024, a Criminal Complaint was filed under seal in the Eastern District of Michigan District Court under Docket Number 24-mj-30537, alleging that Mr. Corey Mapp committed Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). The offense was alleged to have occurred on or about November 25, 2024, in the Eastern District of Michigan.

On December 19, 2024, Mr. Mapp made his initial appearance, with counsel, before United States Magistrate Judge Elizabeth A. Stafford. Mr. Mapp was temporarily detained pending a detention hearing on December 20, 2024. Mr. Mapp ultimately consented to detention on December 20, 2024.

On January 7, 2025, a single-count Indictment was filed in the Eastern District of Michigan District Court under Docket Number 25-cr-20015. The Indictment charged Mr. Mapp with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). According to the Indictment, said offense occurred on or about November 25, 2024, in the Eastern District of Michigan. The Indictment also contained Forfeiture Allegations pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461.

On August 5, 2025, before United States District Court Judge Johnathan J.C. Grey, Mr. Mapp appeared with counsel and pled guilty to Count 1 of the Indictment, pursuant to a Rule 11 Plea Agreement that the court took under advisement.

The Rule 11(c)(1)(B) Plea Agreement states, in part:

2

THE DEFENDANT WILL PLEAD GUILTY TO COUNT 1 OF THE INDICTMENT.

THE PARTIES AGREE THE COURT WILL DETERMINE THE DEFENDANT'S GUIDELINE RANGE AT SENTENCING.

THE GOVERNMENT RECOMMENDS UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(B) THAT THE DEFENDANT RECEIVE A THREE-LEVEL REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY UNDER USSG §§ 3E1.1(a) AND (b).

THE PARTIES ALSO RECOMMEND THAT THE FOLLOWING GUIDELINE PROVISION APPLIES:

- A TWO-LEVEL ENHANCEMENT PURSUANT TO USSG § 2K2.1(b)(4) BECAUSE THE FN 509, 9MM PISTOL WAS STOLEN.

THE PARTIES HAVE NO ADDITIONAL FACTUAL AGREEMENTS FOR SENTENCING PURPOSES.

UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(C), THE PARTIES AGREE THAT A SENTENCE OF NOT MORE THAN 57 MONTHS' INCARCERATION, CONCURRENT WITH ANY TERM OF IMPRISONMENT THE DEFENDANT MAY BE REQUIRED TO SERVE IN EASTERN DISTRICT OF MICHIGAN CASE 15-CR-20574, IS THE APPROPRIATE DISPOSITION OF THIS CASE.

UNDER RULE 11(c)(1)(B), THE PARTIES RECOMMEND THAT THE COURT IMPOSE A 3-YEAR TERM OF SUPERVISED RELEASE.

THE PARTIES HAVE NO AGREEMENT AS TO A FINE.

THE DEFENDANT AGREES, UNDER 18 U.S.C. § 924(d) AND 28 U.S.C. § 2461(c), TO FORFEIT ANY INTEREST HE MAY HAVE IN ANY FIREARMS AND AMMUNITION INVOLVED IN OR USED IN THE COMMISSION OF HIS OFFENSE, INCLUDING BUT NOT

LIMITED TO: FN 509, 9MM PISTOL BEARING SERIAL NUMBER GKS0010385, AND ALL RELATED AMMUNITION.

Mr. Mapp has been in federal custody to date.

### III.   SENTENCING GUIDELINES

As shown above, the Rule 11 Plea agreement in this matter indicated a sentencing guideline range to be determined by this Honorable Court at sentencing. The Presentence Investigation Report states that based upon a total offense level of 23 and a criminal history category of IV, the applicable guideline imprisonment range for Mr. Mapp is 70 to 87 months (PSIR ¶ 65). The Defense argues below that an examination of relevant factors shows that Mr. Mapp is deserving of a term of 30 years of imprisonment, with 3 years of supervised release, concurrent with the sentence he would receive under Case 15-cr-20574.

### IV.   RELEVANT SENTENCING FACTORS

Pursuant to 18 U.S.C. § 3553(a), a federal court is to consider multiple factors when imposing a sentence sufficient, but not greater than necessary, to further the goals of sentencing. These factors are: (a)(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (a)(2) the need for a sentence to further the goals of sentencing, including deterrence, restitution, and protecting the public; (a)(3) the kinds of sentences legally available; (a)(4) the applicable sentencing guidelines; (a)(5) pertinent policy statements from the Sentencing Commission; (a)(6) the need to avoid unwarranted sentencing disparities

4

among defendants of similar records who have been found guilty of similar conduct; and (a)(7) the need for restitution. Relevant factors are below.

**A. Nature and circumstances of the offense and the history and characteristics of the defendant**

   1. **Nature and circumstances of the offense**

In brief, it was determined that on November 25, 2024, Mr. Mapp, who has prior felony convictions, possessed a firearm while in a vehicle. While a firearm was possessed, it was not brandished nor used in a violent or threatening matter.

   2. **History and characteristics of defendant**

Corey Deandre Mapp was born in 1993 to father Terrell Walker and mother Lakeita Mapp. Lakeita Mapp resides in Detroit, Michigan and works as a caregiver, while Terrell Walker is deceased. Mr. Walker was murdered while Corey was eight years old. Ms. Mapp primarily raised Corey with the help of his maternal grandmother Donita Mapp. Mr. Mapp also has two siblings: 26-year-old Detroit resident Kyrin Mapp, age 26, employed as a basketball coach; and 33-year-old Detroit resident Martese Mapp, age 33, employed with Eberspaecher, an automotive supply company.

Mr. Mapp professes his childhood as difficult, living in a neighborhood with frequent drug activity and violence. He was 13 years old when he lost his friend to gun violence, and since then has watched 17 friends die over the course of his life.

5

Mr. Mapp himself suffered from multiple gunshot wounds as the result of a robbery in 2013.

When interviewed, Lakeita Mapp advised that Corey was always a "good" child who changed in high school due to associating himself with the wrong group of peers. Mr. Mapp stopped attending Henry Ford High School after one of his close friends was murdered at the school, and was ultimately removed by his mother. He attended Cherryhill High School in Inkster, Michigan before its closing, then finally attended Oak Park Alternative High School in Oak Park, Michigan. He graduated from high school in 2013.

Mr. Mapp has two children through their mother Khiana Deans: Chloe Mapp, age 12, and Zoey Mapp, age 9. While he maintains a positive relationship with his children, who reside with Donita Mapp in Redford, Michigan, he does not maintain much of a relationship with Ms. Deans.

In the future, Mr. Mapp hopes to attend college and study computer science.

**B. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

### 1. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense

While the offense to which he pled guilty is serious, involving the possession of a firearm, Mr. Mapp has accepted responsibility for his actions. This acceptance of responsibility is reflected in his offense level computation, reducing it by 3 levels (PSIR ¶¶ 27-28).

### 2. To afford adequate deterrence to criminal conduct

Mr. Mapp has accepted responsibility for his actions, as mentioned above. Mr. Mapp's plans for the future, in which he hopes to attend college and study computer science, focus on self-improvement through education and legitimate employment after a term of incarceration. With further supervision and conditions from the court during his period of supervised release, a sentence within the agreed upon terms of the plea agreement will assure deterrence.

### 3. To protect the public from further crimes of the defendant

Mr. Mapp's imprisonment even below the guideline range has been agreed upon to the parties to be appropriate—implicitly, for this purpose among the other purposes of sentencing. While in prison, further education, will allow him to continue the path of rehabilitation he has already begun.

Furthermore, both the Defense and the Government have agreed to recommend a 3-year term of supervised release. This recommendation indicates the

shared belief that any kind of risk to the public can be mitigated if not eliminated upon his return to his community.

   **4. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

Mr. Mapp has not participated in mental health treatment or counseling, but believes that he would benefit from receiving counseling, to get a "better outlook at things" and stay focused upon reintegration into society.

Furthermore, while Mr. Mapp has a limited employment history, Mr. Mapp is willing to engage in further education to open up more opportunities for legitimate employment and contribution to his community upon his release from prison.

**C. The types of sentences available, and applicable sentencing guidelines**

Count 1, Felon in Possession of Firearm, a violation 18 U.S.C. § 922(g)(1), is a Class C Felony with a statutory maximum penalty of 15 years imprisonment followed by a term of supervised release of up to three years. 18 U.S.C. § 924(a)(8), 18 U.S.C. § 3583(b)(2).

Under the Rule 11 plea agreement, the parties recommend that a sentence for Count 1 does not exceed 57 months of incarceration, concurrent to the sentence that may be imposed in the Eastern District of Michigan case 15-cr-20574. The parties have also recommended the court impose three years of supervised release. As

pointed out by the Probation Department, "the defendant has minimal employment history and admitted to needing services that would assist him with reentering back into society successfully. As such, a term of supervised release may be necessary to address public protection and the correctional/vocational needs of the defendant."

In summation, Mr. Mapp is an individual who despite a past marred with violence and tragedy, has taken responsibility for his actions and seeks to change for the better. His desire to improve should be considered toward a more lenient sentence below the guidelines.

## V. PRAYER FOR RELIEF

One of the most quintessential factors of the criminal justice system is the fair administration of that justice. Our nation's highest court has recognized even decades ago that a punishment "should fit the offender and not merely the crime":

> The belief no longer prevails that every offense in a like legal category calls for an identical punishment without regard to the past life and habits of a particular offender. . . . ***Retribution is no longer the dominant objective of the criminal law. Reformation and rehabilitation of offenders have become important goals of criminal jurisprudence.***

*Williams v. People of State of N.Y.*, 337 U.S. 241, 247; 69 S. Ct. 1079, 1083; 93 L. Ed. 1337 (1949) (emphasis added). As part of this individualized sentencing, a district court has the discretion, after considering both the applicable sentencing guidelines range and all of the § 3553(a) factors, to impose a sentence outside of

9

those guidelines, including a downward variance from them. *Gall v. United States*, 552 U.S. 38, 49–50; 128 S. Ct. 586; 169 L. Ed. 2d. 445 (2007).

Mr. Corey Mapp undeniably exercised poor judgement, but he accepts complete responsibility for his actions and seeks education, counseling, and legitimate employment upon reintegration. His sentence in prison should provide opportunities to improve, and continue during his term of supervised release as necessary.

Leniency is within the discretion of this Honorable Court. Paying mind to the mandatory minimum term of imprisonment in this matter and the parties' plea agreement, **we humbly request that this Honorable Court grant a downward variance, and impose a term of 30 months of imprisonment and 3 years of supervised release.**

        Respectfully submitted,

        NOT GUILTY LAW, PLLC

        /s/ *Mohammed Nasser*
        MOHAMMED NASSER
        Attorney for Defendant
        290 Town Center Drive, Suite 322
        Dearborn, Michigan 48126
        mn@mrnotguilty.law
Dated: November 27, 2025        (313) 633-1436